1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11   E.D. *et al.*,                          Case No.:  18-CV-1948-LAB(WVG)

12                          Plaintiffs,
                                              **ORDER (1) GRANTING**
13   v.                                       **PLAINTIFFS' MOTION TO SEAL**
                                              **AND (2) GRANTING PLAINTIFFS'**
14   SAN MARCOS UNIFIED SCHOOL                **MOTION TO APPOINT GUARDIAN**
     DISTRICT,                                **AD LITEM**
15

16                          Defendant.        **[Doc. No. 9, 10 & 11.]**

17

18          Before the Court are Plaintiffs' *ex parte* applications to file under seal and for

19   appointment of guardian ad litem. (Doc. Nos. 9, 10 & 11.) Plaintiffs request that the Court

20   appoint Plaintiff E.D.'s mother, M.D., as E.D.'s guardian ad litem pursuant to Federal Rule

21   of Civil Procedure 17(c). In support of their applications, they have submitted the

22   declaration of M.D. ("M.D. Decl.," Doc. No. 11-1.)

23   **A.    Application for Appointment of Guardian Ad Litem**

24          Rule 17(c)(2) of the Federal Rules of Civil Procedure provides that "a minor or an

25   incompetent person who does not have a duly appointed representative may sue by a next

26   friend or by a guardian ad litem" and that the Court "must appoint a guardian ad litem--or

27   issue another appropriate order--to protect a minor or incompetent person who is

28   unrepresented in an action." The purpose of Rule 17(c) "is to protect an incompetent

                                              1

person's interests in prosecuting or defending a lawsuit." *Harris v. Mangum*, 863 F.3d 1133, 1138 (9th Cir. 2017). The Court has "broad discretion" to fashion appropriate safeguards to protect the interests of incompetent persons and to decide whether to appoint a guardian ad litem under Rule 17(c). *Id.*; *Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014).

A person's capacity to sue is determined by the law of the individual's domicile. Fed. R. Civ. P. 17(b)(1). E.D. is domiciled in California where "[m]inors lack capacity to sue in their own names" and "litigation must be conducted by a guardian or conservator of the estate or by a guardian ad litem." *Safai v. Safai*, 78 Cal. Rptr. 3d 759, 768 (Cal. Ct. App. 2008) (internal quotations omitted). E.D. is currently under the age of 18 and therefore lacks the capacity to sue in the state of California.

The Court finds that the appointment of M.D. as E.D.'s guardian ad litem is an appropriate and sufficient protection of her interests in this case. As E.D.'s mother, M.D. is likely to be "truly dedicated" to her best interests. *See Coal. of Clergy, Lawyers, & Professors v. Bush*, 310 F.3d 1153, 1160 (9th Cir. 2002). Additionally, the Court has not identified a conflict of interest between M.D. and E.D. *See Bhatia v. Corrigan*, No. C 07-2054 CW, 2007 U.S. Dist. LEXIS 39620, 2007 WL 1455908, at *1 (N.D. Cal. May 16, 2007) ("Generally, when a minor is represented by a parent who is a party to the lawsuit, and who has the same interests as the child, there is no inherent conflict of interest"); *Brown v. Alexander*, No. 13-CV-01451-RS, 2015 U.S. Dist. LEXIS 158064, 2015 WL 7350183, at *1 (N.D. Cal. Nov. 20, 2015) ("In general, a parent who is also a party to the lawsuit is presumed to be a suitable guardian ad litem, and so the court often appoints the parent as guardian ad litem upon receipt of an *ex parte* application without exercising much discretion.") The Court therefore GRANTS Plaintiffs' application for appointment of M.D. as E.D.'s guardian ad litem.

**B.    Application to File Under Seal**

Plaintiffs have also moved to file their application for appointment of guardian ad litem under seal. Plaintiffs' unredacted application includes the full name of E.D. and the

address of E.D. and her mother. The Court finds that in the protection of the privacy of E.D. constitutes good cause to seal this filing. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016), cert. denied sub nom. *FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016) (in motions only "tangentially related to the underlying cause of action" moving parties need show only good cause for sealing). Accordingly, Plaintiffs' motion to seal the proposed document filed as Docket No. 11 is GRANTED, and this document shall be file under seal.

   **IT IS SO ORDERED.**

DATED:  May 3, 2019

_____
Hon. William V. Gallo
United States Magistrate Judge

18-CV-1948-LAB(WVG)